FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 DEC 17 PM 2:00
CLERK R. aut
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIAM L. SCHENHER, JR.,

    Petitioner,

vs.

CIVIL ACTION NO.: CV210-112

ANTHONY HAYNES, Warden;
FEDERAL BUREAU OF PRISONS;
and UNITED STATES ATTORNEY
GENERAL,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William L. Schenher, Jr. ("Schenher") who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government filed a Response, and Schenher filed a Traverse. For the reasons which follow, Schenher's petition should be **DENIED**.

## STATEMENT OF THE CASE

Schenher was arrested on August 15, 2002, by Alabama state authorities for kidnapping and robbery. On August 19, 2002, Schenher was ordered released and the charges were dismissed due to insufficient evidence. On October 1, 2002, Schenher was arrested by Alabama state authorities on a warrant for Credit Card Fraud. On October 30, 2002, he was indicted in the federal district court for the Southern District of

Alabama for Carjacking, in violation of 18 U.S.C. § 2119. On November 20, 2002, Schenher was temporarily transferred from state custody to the U.S. Marshals, pursuant to a federal writ of habeas corpus ad prosequendum, for his initial appearance and arraignment on the federal charges. After pleading guilty to the federal charge, Schenher was sentenced on April 2, 2003, to 160 months' imprisonment. The District Court made no reference as to concurrency to the pending Alabama state sentence. Schenher was returned to state authorities by the Marshals on April 18, 2003. Schenher was sentenced in Mobile County Circuit Court to 15 years' imprisonment on the state credit card fraud charge. Schenher was credited with six months and nine days jail credit, which included credit for all custody since his arrest on October 1, 2002. Schenher's state sentence was set to run concurrent with the federal sentence. On March 17, 2004, Schenher was released on an "End of Sentence" release from his Alabama state sentence by state authorities and began serving his federal sentence.

In the instant petition, Schenher asserts that the Federal Bureau of Prisons ("BOP") failed to follow the guidelines of Policy Statement 5160.05 in denying his *nunc pro tunc* designation request, or, in the alternative, that the BOP unreasonably applied Policy Statement 5160.05 in denying his request. He also asserts that the Federal Government should be bound by the state court's order that his sentences run concurrent. The Government asserts the BOP followed the procedures set forth in PS 5160.05 and considered the relevant statutes and policies in exercising its independent discretion to deny Schenher's request for *nunc pro tunc* designation. The Government further asserts that the federal government is not bound by the state court's order.

## DISCUSSION AND CITATION TO AUTHORITY

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 Fed. Appx. 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1990); see also McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998); Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. This Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence. (Doc. No. 10-2). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." (Id.). The BOP will gather and review certain information, such as the federal and state Judgments and Commitments, the state sentence data record to include jail credit, and "any other pertinent information" relating to the sentences. (Id.) The BOP will also send a letter to

the sentencing court in cases where the federal sentence is imposed before any state sentences and there is no recommendation regarding the service of the federal sentences in relation to the as-yet imposed state sentence. (Id.)

Because the designation of the facility for service of a federal sentence is within the BOP's power, a § 2241 challenge to the BOP's decision to deny *nunc pro tunc* designation to a state facility is reviewed by the district court only for an abuse of discretion. Reynolds v. Thomas, 603 F.3d 1144, 1153 (11th Cir. 2010). If the BOP fully and fairly considered the prisoner's claim under the procedures set out in Program Statement 5160.05 and the relevant statutes, its exercise of its discretionary authority should be upheld.

The BOP reviewed Schenher's case for a retroactive *nunc pro tunc* designation. The federal record was silent on whether the sentence should run consecutively or concurrently to any state sentence. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Following the procedure set out in Program Statement 5160.05, the BOP sent a letter to the sentencing federal judge to seek his position on Schenher's *nunc pro tunc* request. No response was received. The BOP conducted a review of the factors set out in 18 U.S.C. § 3621(b) to determine whether a *nunc pro tunc* designation of the state facility should be granted. Schehner's request for retroactive *nunc pro tunc* designation was denied by the BOP based on three of five factors; Factor 2, the nature and circumstances of his offense; Factor 3, history and characteristics of the prisoner; and Factor 4, the lack of any statement by the court that imposed the sentence. (Doc. No. 10-2, pp. 5-6). With respect to the position of the

federal sentencing court (18 U.S.C. § 3621(b)(4)), the BOP concluded that nothing in the federal judgment indicated a preference for a concurrent sentence. Based on these factors, and based on the fact that the two cases, state and federal, were not related, the BOP decided not to award *nunc pro tunc* designation to Schenher. The BOP validly exercised its discretion pursuant to the appropriate statutes and Program Statement 5160.05 to consider Schenher's request for *nunc pro tunc* designation. Its discretionary decision to deny that designation should not be disturbed by this Court.

Schenher contends that he is entitled to credit against his federal sentence for time spent serving his state sentence "as per the intent of all parti's [sic] involved." (Doc. No. 1, p. 7) However, while the state court ordered that Schenher's state sentence be served in federal prison and concurrent to his federal sentence, the federal government is not bound by that order. See Finch v. Vaughn, 67 F.3d 909, 915 (11th Cir. 1995) ("We specifically have held that a federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence.").

The BOP validly exercised its discretion pursuant to the appropriate statutes and Program Statement 5160.05 in considering Schenher's request for *nunc pro tunc* designation. Its denial of Schenher's request did not constitute an abuse of discretion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Schenher's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE